Josephine Linker Hart, Justice, dissenting. The majority’s conclusion that there was no Brady violation because Alex Harrington’s testimony would have been “cumulative” is simply wrong. The statements by the three occupants of the vehicle differed markedly. Misty Johnson testified that she neither saw a gun nor did she see anyone put the gun behind the armrest. Johnson’s testimony tended to exonerate her completely, partially exonerate Harrington, and left open the possibility that Lambert could have possessed the gun and possibly placed it behind the armrest. Lambert testified that he saw Harrington with the gun and saw Harrington conceal it in the armrest. His testimony exonerated him and Johnson, but implicated Harrington. Harrington’s testimony at the hearing on Lambert’s new-trial motion exonerated Lambert and him, but tended to implicate Johnson, who was the driver and car owner of the vehicle. This testimony was not “cumulative” under any analysis. Resolving the issue of which witness or witnesses were telling the truth and which witness or witnesses were lying is exclusively within the province of the jury. Allowing the UState to deny the jury all of the relevant testimony so that it can do its job denies Lambert one of our most fundamental constitutional rights — the right to a fair trial. I respectfully dissent. Baker, J., joins.